UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JTTONALI ONE EYE EL-BEY,<br>    Plaintiff, | Case No. 1:21-cv-680 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| ELLIOTT SYLVESTER, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at the Butler County Jail, has filed the instant *pro se* action. (Doc. 1).[1] The Court notes that the instant case is one of several cases that plaintiff has filed in this Court. *See, e.g.*, *El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio), *El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio), *El-Bey v. The United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio), and *El-Bey v. Walker, et al.,* No. 1:21-cv-679-MRB-SKB (S.D. Ohio). In the instant action, plaintiff brings claims challenging his arrest on August 20, 2021; the alleged conditions at the Clinton County Jail, where he was incarcerated prior to the Butler County Jail; and proceedings at his arraignment following his arrest. (Doc. 1-1).[2]

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. Also by separate Order, the Court has denied plaintiff's "Motion to Add or Correct Defendant(s): Name, Title, or Rank" (Doc. 6) because it was not clear what relief plaintiff was seeking through the motion. *See* Fed. R. Civ. P. 7(b).

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is

---

[1]This Court understands the complaint to be filed under 42 U.S.C. § 1983, which provides a private cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See Wayne v. Village of Sebring*, 36 F.3d 517, 528 (6th Cir. 1994).
[2]Plaintiff names the following six defendants in his complaint: Elliott Sylvester, Neil Rager, Codey Juillerat, Ronald Cravens, Michael Daugherty, and Andrew T. McCoy. (Doc. 1-1, at PageID 5).

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## Complaint

Plaintiff alleges that on August 20, 2021, while he was driving in Wilmington, Ohio, he passed a police cruiser that was waiting at a stop sign. Plaintiff alleges that the police cruiser followed him until he reached his destination a short time later but then continued on its way. Plaintiff, who claims to be a "Moorish American National," alleges that he went to a tribal member's residence and knocked on the door. Plaintiff alleges that nobody answered the door

and that he had forgotten his spare key to the residence. According to plaintiff, as he started to call somebody to let him in, three police cruisers arrived, and defendant police officers Elliott Sylvester and Neil Rager approached him. (Doc. 1-1, at PageID 7).

Plaintiff alleges that Sylvester stated, "You have a warrant," but that plaintiff declared there "must be a mistake." Sylvester and Rager allegedly grabbed plaintiff, forced him into the backseat of Sylvester's police car, and together with a third officer, defendant Cody[3] Juillerat, searched plaintiff's car. (Doc. 1-1, at PageID 8).

When Sylvester returned to his police car, plaintiff allegedly asked him "what authority [is] he searched and seized under." Sylvester allegedly responded, "case law," and plaintiff allegedly replied, "I believe you all just intentionally violated rights, privileges, immunities." (Doc. 1-1, at PageID 9). Plaintiff alleges that he was transferred to the Clinton County Jail. (Doc. 1-1, at PageID 9).

Plaintiff further alleges that when he arrived at the Clinton County Jail, Mike Sells, who is not named as a defendant,[4] was the booking officer. Plaintiff alleges that Sells attempted to address plaintiff by a former name but that plaintiff refused to answer any questions. Plaintiff also alleges that Sells attempted to make plaintiff "walk through a machine," but that plaintiff refused and asked to see a "Sheriff/Deputy." Plaintiff contends that Justin Drake, who is also not named as a defendant, then arrived and asked what the issue was, and plaintiff declared that pictures and fingerprints were against his rights. Drake allegedly said that if plaintiff refused to be booked he would go into a "dry cell," to which plaintiff responded, "so be it." (Doc. 1-1, at PageID 10).

---

[3] In the complaint, plaintiff spells this defendant's first name both "Cody" and "Codey."
[4] To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

4

Plaintiff alleges that he was placed in a cell "without any material" and was denied a phone call and bond by two unidentified officers. (Doc. 1-1, at PageID 10). Sylvester and Juillerat allegedly returned hours later with a "warrant and charges." (Doc. 1-1, at PageID 10-11). Plaintiff alleges that he remained in the "dry cell" for four days, with "no shower, improper meal trays, no toilet paper for two days, no blanket, mattress, unable to post a bond, feces remained in the john and other w[aste] remained in the drain in center of the cell." (Doc. 1-1, at PageID 11).

Plaintiff alleges that he "took a shower after an officer came to the cell and stated the only way you can do anything is to be booked in you have arraignment later you can explain this to the Administrator." (Doc. 1-1, at PageID 11). Plaintiff contends that he was "force[d] with coercion to be booked into the jail under a fictiti[ous] name whereas I had not eaten, showered and was denied c[ounsel]." (Doc. 1-1, at PageID 12). Plaintiff alleges that booking officer Theresa Wheeler, who is not named as a defendant, refused to book him under his proper name and race. (Doc. 1-1, at PageID 12).

Plaintiff further alleges that at his arraignment defendant Judge Michael Daugherty[5] addressed plaintiff under a fictitious name and improperly found probable cause to issue a warrant for trafficking in drugs and having weapons under disability based on "claims stated from Cody Juillerat to Ronald Cravens."[6] Plaintiff also alleges that Judge Daugherty and defendant Andrew T. McCoy "suggested bond be $100,000 without a preponderance of

---

[5]The Clinton County Municipal Court website, viewed at http://www.clintonmunicourt.org/, indicates that defendant Daugherty is a judge on the Clinton County Municipal Court.

[6]6It appears from the Clinton County Court of Common Pleas website, viewed at https://www.clintoncountycourts.org/recordSearch.php?k=acceptAgreementsearchForm1404, under Watson, Jtton, Case No. CRI21500197, that plaintiff was charged following his August 20, 2021 arrest with violations of Ohio Rev. Code §§ 2923.13A2B (Weapons Disability F3) and 2913.51A (Rec. Stolen Property F4), but that these charges were dismissed without prejudice on February 28, 2022.

evidence." Plaintiff alleges a conspiracy "to create presumption and charge." Plaintiff claims that after the hearing he was taken to "D pod." (Doc. 1-1, at PageID 12).

Plaintiff seek monetary and injunctive relief. (Doc. 1-1, at PageID 14).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes, in an abundance of caution, that plaintiff's unlawful arrest claims against defendants Sylvester, Juillerat, and Rager are deserving of further development and may proceed at this juncture.

In this regard, the Court notes that in Case No. 1:21-cv-574-MRB-SKB, which involves a different arrest (*i.e.,* plaintiff's arrest on December 5, 2020), the Court recommended staying the unlawful-arrest claims against an unknown Clinton County Sheriff/Deputy in his individual capacity. The Court's Report and Recommendation remains pending in that case. *See El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio) (Doc. 35).[7] In that case, it was clear that the challenges to plaintiff's December 5, 2020 arrest were related to rulings that would likely be made in a federal criminal matter that is pending against plaintiff in this Court. *See id*. In the instant case, however, it is not clear to the Court whether plaintiff's August 20, 2021 arrest—the arrest at issue here—is related to the pending federal criminal matter. Nor does it appear, given the dismissal without prejudice of the state charges in Clinton County Court of Common Pleas Case No. CRI21500197 (*see* note 6, above), that abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). Defendants Sylvester, Juillerat, and Rager may address these issues once they are served in this case.

---

[7]Additionally, the Court recommended consolidating with Case No. 1:21-cv-574 and staying another unlawful-arrest claim related to plaintiff's December 5, 2020 arrest in Case No. 1:21-cv-678. The Report and Recommendation remains pending in that matter. *See El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio) (Doc. 13).

However, for the reasons set forth below, the remainder of the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against defendant Daugherty are barred by judicial immunity. Plaintiff brings claims against Judge Daugherty for reading the charges, finding probable cause to issue a warrant, and setting the bond amount at plaintiff's arraignment. (Doc. 1-1, at PageID 12). Judges are afforded absolute immunity from 42 U.S.C. § 1983 liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978). *See also Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001). Plaintiff seeks to hold Judge Daugherty liable for an order that he entered, a function normally performed by a judge. *Stump,* 435 U.S. at 362. Plaintiff has alleged no facts indicating that Judge Daugherty acted "in the complete absence of all jurisdiction." *Stern,* 262 F.3d at 607. Therefore, defendant Daugherty is absolutely immune from civil liability in this matter and should be dismissed.

Similarly, plaintiff's claims against defendant McCoy relate to the setting of bond and are barred by absolute immunity. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Marietta v. Macomb County Enforcement Team,* 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). *See also Ghaith v. Rauschenberger*, 493 F. App'x 731, 740 n.4 (6th Cir. 2012) (prosecutor's actions in arguing against reduction of bond shielded by absolute immunity)

(citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)). Therefore, defendant McCoy is absolutely immune from civil liability in this matter and should be dismissed.

Next, to the extent that the complaint contains allegations regarding prison conditions at the Clinton County Jail, the complaint does not assert that any of the named defendants were responsible for implementing or maintaining the allegedly unconstitutional conditions. Such allegations are therefore subject to dismissal. *See Iqbal*, 556 U.S. at 678.

Finally, although Ronald Cravens is named as a defendant, the only allegation mentioning him is that Judge Michael Daugherty improperly found probable cause to issue a warrant based on "claims stated from Cody Juillerat to Ronald Cravens." (Doc. 1-1, at PageID 12). Such vague and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66.

Accordingly, in sum, the undersigned **RECOMMENDS** that the complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's unlawful arrest claims against defendants Sylvester, Juillerat, and Rager.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's unlawful arrest claims against defendants Sylvester, Juillerat, and Rager.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Sylvester, Juillerat, and Rager, as directed by plaintiff.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                                 *s/Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI ONE EYE EL-BEY,            Case No. 1:21-cv-680
     Plaintiff,

                                                       Barrett, J.
vs.                                                        Bowman, M.J.

ELLIOTT SYLVESTER, *et al*.,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).