UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI ONE EYE EL-BEY,

    Plaintiff,

        v.

ELLIOTT SYLVESTER, *et al.*,

    Defendants

Case No. 1:21-cv-680

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. Presently pending before the Court is a motion filed by Plaintiff that seeks discovery. In addition, the Court notes that mail addressed to Plaintiff was returned as undeliverable, and that none of the Defendants have yet entered any appearance in this case.

**I.    Background**

While incarcerated in Butler County Jail, Plaintiff initiated this pro se action *in forma pauperis* to challenge: (1) his allegedly unlawful arrest on August 20, 2021; (2) alleged conditions at the Clinton County Jail; and (3) proceedings at his arraignment following his arrest.[1] The undersigned reviewed Plaintiff's complaint under the initial screening standards of 28 U.S.C. §§1915(e) and 1915(A), and recommended dismissal of all claims

---

[1]Plaintiff has initiated multiple proceedings in this Court under what presently appears to be a false name or alias. *See, e.g., El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio), *El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio), *El-Bey v. The United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio), and *El-Bey v. Walker, et al.*, No. 1:21-cv-679-MRB-SKB (S.D. Ohio). Case No. 1:21-cv-574-MRB-SKB has been deemed to be related to the above-captioned case. (Doc. 11)

with prejudice except for Plaintiff's unlawful arrest claims against Defendants, Wilmington Police Officers Sylvester, Juillerat, and Rager.  (Doc. 11).   The Report and Recommendation ("R&R") directed the U.S. Marshal to serve a copy of the complaint and summons upon all three individual Defendants. (*Id.*)  Although service appears to have been effective, no Defendant has yet appeared.

On May 16, 2022, Plaintiff formally moved for leave to file Objections to the pending R&R.  The Court granted that motion and permitted the filing of Objections, while correcting the docket to reflect that an earlier filed document was an unrelated "Memorandum."[2]  However, on July 20, 2022, the Court overruled Plaintiff's Objections and adopted the R&R as the opinion of the Court. (Docs. 16, 21).  On May 23, 2022, the copy of the R&R addressed to Plaintiff under the name used in this litigation and last known address was returned as undeliverable.  (Doc. 17).

## II. Analysis of Pending Issues

### A. Plaintiff's Failure to Provide a Valid Name or Address

As stated above, the copy of the R&R sent to Plaintiff at his listed address at the Butler County Jail was returned as undeliverable, indicating that Plaintiff has not kept this Court apprised of his current address and/or his correct name.  (*See* Doc. 17).  In other civil cases being prosecuted by Plaintiff in which mail has been returned as undeliverable, the Court noted that Plaintiff's name did not then appear on the Butler County Jail website's inmate roster.  In at least one case, a piece of mail was returned to this Court

---

[2]Since initiating this action, Plaintiff has filed several procedurally unauthorized documents. *See*, *e.g.*, Doc. 14 (Memorandum); Doc. 18, (Certification of Request(s) Sent to the Clinton County Municipal Clerk and the Wilmington Police Department); Doc. 19, (Certificate of Confirmation Pertaining to the Supr 44-47 Request for CRB2001523A). Plaintiff has filed similar procedurally irregular documents in related case 1: 21-cv-574-MRB-SKB as well as other civil cases. Because the referenced documents require no judicial action, and in the interests of judicial economy, the Court will not further address Docs. 14, 18, or 19 or similar documents filed of record in the future.

with the notation "released." (*See* Doc. 48 in Civil Case No. 1:21-cv-678-MRB-SKB; *see also* Doc. 35 in Case No. 1:21-cv-574-MRB-SKB).

As this Court previously has noted, the same individual who proceeds as Plaintiff herein was directed to undergo a psychiatric and/or psychological evaluation pursuant to 18 U.S.C. § 4241 in a pending criminal case in this Court. In the criminal case, Plaintiff's legal name is identified as Jtton Edward Watson. (*See* Doc. 31 in *United States v. Watson*, No. 1:21-cr-110-MWM).[3] On March 2, 2022, the Court ruled that Jtton Edward Watson (a/k/a Plaintiff herein) was competent to participate in his defense and prepare for his criminal trial in this Court. (Doc. 54 in *U.S. v. Watson*, No. 1:21-cr-110-MWM). As of August 3, 2022, the name "Jtton Edward Watson" – a name that matches the name of the criminal Defendant in Case No. 1:21-cr-110-MWM – does appear on the Butler County Jail website's inmate roster. The name used by Plaintiff herein does not. Out of an abundance of caution, the undersigned will direct the Clerk to send a copy of this Order to Plaintiff at his last known address at the Butler County Jail under both the name listed in the caption of this complaint (which appears to be a false name or alias) and under what appears to be his legal name, "Jtton Edward Watson."

To the extent that it appears that Plaintiff has filed the above-captioned case under a false name or alias, the undersigned will direct him to show cause why this case should not be dismissed. It appears likely that Plaintiff's initiation of this and other civil cases under a false name and listing the Butler County Jail as his address may have contributed

---

[3] The criminal case docket in this Court identifies the Defendant as "Jtton Edward Watson, agent of JttonAli One-Eye El-Bey." Defendant's legal name appears to be Jtton Edward Watson. However, on October 7, 2021, the undersigned granted Defendant's oral request for the name "JttonAli One-Eye El-Bey" to be listed as an "alias" on the docket. The Court's Minute Entry further stated that Defendant "may renew his motion [for a name change] should Defendant later be able to provide documentation of his legal name change to the Court." Defendant has never provided any evidence of a legal name change.

to the inability of this Court to serve him with copies of its prior Reports and Recommendations and Orders. In *Robinson v. Ionia Correctional Facility Medical Staff*, 2017 WL 3841862, at *3 (W.D. Mich. Aug. 1, 2017), R&R adopted at 2017 WL 3840025 (W.D. Mich. Sept. 1, 2017), the court dismissed a case filed by a pro se inmate under a false name because the use of a false name "made it impossible for the Court or defendants' counsel to perform the simple act of mailing him copies of orders and motions." The court there explained that the use of a false name amounted to fraud on the Court:

> "Filing a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). "A trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Permitting the plaintiff to pursue his claim would take the punch out of the punishment for pummeling the probity of the judicial system." *Id. See Wilson–Williams v. Freeman*, No. 2:07–CV–480–MEF, 2010 WL 653873 at *3 (M.D. Ala. Feb. 22, 2010) (a plaintiff "may not purport to seek justice in this court while committing fraud" regarding his identity); *Prince v. Delaware County Bar Association*, 1993 WL 141711 at *2 (E.D. Pa. May 3, 1993) (dismissing the *pro se* plaintiff's civil rights action as sanction because, "Plaintiff in the case at bar has filed this suit using a false name. This court finds that this conduct is the type that constitutes fraud on the court because it clearly tampers with the judicial machinery and subverts the integrity of the court itself.").

*Id.* at *2. In addition to dismissal based upon the plaintiff's use of a false name, the court dismissed for failure to prosecute under Rule 41(b).

The same issues are present in the instant case. The use of a false name or alias is equivalent to an invalid address at the Butler County Jail, since no person identified as "JttonAli One-Eye El-Bey" is housed at that facility and mail addressed to the named Plaintiff at the Butler County Jail has been returned as undeliverable. It is well established

4

that it is incumbent upon any litigant, including a pro se prisoner litigant, to keep the Court apprised of his current address. While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Based upon the return of mail from the Butler County Jail, it appears that Plaintiff has either proceeded under a false name and/or has failed to identify a name under which he can receive mail, and/or a current address.

Without such basic information as a valid name and current address from a would-be plaintiff, this Court has no recourse but to dismiss a complaint for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009). The undersigned will direct Plaintiff to "show cause" why this case should not be dismissed under Rule 41(b) for failure to keep the Court apprised of the legal name and address where mail can be delivered.

**B.  Plaintiff's Discovery Motion**

On May 16, 2022, Plaintiff filed a "Motion for Production of Documents Pursuant to *Brady v. Maryland*." (Doc. 15). Plaintiff's motion is procedurally improper for multiple reasons. Under the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except under

5

limited circumstances including when authorized by court order. Fed. R. Civ. P. 26(d)(1). Here, Defendants have not yet appeared and no calendar order has been entered; therefore, any discovery request or motion is premature.

Even if the commencement of discovery were authorized, however, Plaintiff's "motion" still would be procedurally improper because it is nothing more than a request for discovery. Discovery requests are not to be filed of record, but instead must be served directly on the opposing party. *See generally*, Fed. R. Civ. P. 5(d)(1) ("discovery requests and responses must not be filed until they are used in the proceeding ... [including] requests for documents."); *see also* S.D. Ohio Civ. R. 5.4(a). The fact that Plaintiff proceeds *pro se* does not entitle him to ignore procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993) (holding that pro se litigants are not exempt from the requirements of procedural rules in ordinary civil litigation).

Last, the undersigned notes that Plaintiff's "motion" is addressed "Dear Prosecuting Attorney," and requests any and all exonerating evidence under case law that defines a prosecutor's duty to disclose exculpatory evidence. *See e.g.*, *Brady v. Maryland*, 83 S.Ct. 1194, 1196-97, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused … violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). The prosecuting attorney is not a named defendant herein and *Brady* and its progeny do not define the scope of discovery in *civil* cases like this one. While civil discovery is generally broader in scope, it is subject to limits to prevent abuse by a party who seeks to evade the limitations of discovery in a criminal case. *See generally*, *Degen v. United States*, 116 S.Ct. 1777, 1782, 517 U.S. 820, 826 (1996).

6

### C. The Defendants' Failure to Appear

Pursuant to the undersigned's Report and Recommendation, summons was issued to all three Defendants on April 28, 2022. (Doc. 12). The record reflects that green cards confirming execution of the summons forms were returned via certified mail on May 16, 2022. The green cards bear the signature of a "Karen Miller" on behalf of each Defendant. (Doc. 20). Based upon the date of service, the Defendants' answers or responses were due on June 6, 2022. As of this date, Defendants have yet to file any responsive pleading or make any other appearance before this court.

Ordinarily, the Defendants' failure to timely answer or otherwise appear might prompt a "show cause" order from this Court. However, in light of the fact that this lawsuit may be subject to summary dismissal for failure to prosecute, the undersigned will stay issuance of a corresponding "show cause" order to the Defendants at this time.

### III. Conclusion and Order

For the reasons discussed, **IT IS ORDERED THAT:**

1. The Clerk shall mail two copies of this Memorandum Opinion and Order to Plaintiff at the Butler County Jail address provided in this litigation. The first copy should be addressed to the name used in the above-captioned civil case, and the second copy should be addressed to Jtton Edward Watson;

2. On or before **August 30, 2022**, Plaintiff shall **SHOW CAUSE** for his failure to identify a valid legal name and address where he can be served, and shall further **SHOW CAUSE** for initiating this lawsuit under what appears to be a false name or alias that frustrates service by this Court and/or by any Defendant;

3. Plaintiff's motion for discovery (Doc. 15) shall be **STRICKEN** from the record;

7

4. Pending review of Plaintiff's response to this "show cause" order, the undersigned *may* further direct Defendants to show cause for their failure to timely appear. In the interests of justice, a copy of this Memorandum Opinion and Order shall be mailed to Defendants Elliott Sylvester, Neil Rager and Cody Juillerat at the address in which service of the complaint was made.

                                                         *s/Stephanie K. Bowman*
                                                         Stephanie K. Bowman
                                                         United States Magistrate Judge