**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JTTONALI ONE EYE EL-BEY,

    Plaintiff,

        v.

ELLIOTT SYLVESTER, *et al.*,

    Defendants

Case No. 1:21-cv-680

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. Presently pending before the Court are Plaintiff's responses to the Court's August 8, 2022 directive to Plaintiff to "**SHOW CAUSE** for his failure to identify a valid legal name and address where he can be served, and [to] … further **SHOW CAUSE** for initiating this lawsuit under what appears to be a false name or alias that frustrates service by this Court and/or by any Defendant." (Doc. 22, Memorandum Opinion and Order at ¶2). For the reasons that follow, the undersigned concludes that Plaintiff has satisfied the "show cause" order. However, the undersigned warns Plaintiff that the above-captioned case may be subject to dismissal for failure to prosecute if, <u>for any reason and at any time in the future</u>, he fails to accept mail addressed to him as directed herein, or otherwise fails to provide an updated and accurate name and address where he can be served.

    **I.**    **Procedural Background of Show Cause Order**

While incarcerated in Butler County Jail, Plaintiff initiated this pro se action *in forma pauperis* to challenge: (1) his allegedly unlawful arrest on August 20, 2021; (2) alleged

conditions at the Clinton County Jail; and (3) proceedings at his arraignment following his arrest. The undersigned reviewed Plaintiff's complaint under the initial screening standards of 28 U.S.C. §§1915(e) and 1915(A), and recommended dismissal of all claims with prejudice except for Plaintiff's unlawful arrest claims against three Wilmington Police Officers. (Doc. 11). In permitting the unlawful arrest claims to proceed, the undersigned noted that the charges for which Plaintiff had been arrested on August 20, 2021 appeared to have been dismissed without prejudice in state court on February 28, 2022. (Doc. 11 at 5, n.6, PageID 74). On July 20, 2022, the Court adopted the Report and Recommendation ("R&R") as the opinion of the Court, overruling Plaintiff's objections. (Docs. 16, 21). However, the copy of the R&R addressed to Plaintiff under that name was returned by the Butler County Jail as undeliverable, suggesting that Plaintiff has not kept this Court apprised of his current address and/or his correct legal name.

As noted in the undersigned's August 8, 2022 Memorandum Opinion and Order, Plaintiff has initiated 6 civil cases in this Court using the same name listed in the above-captioned case.[1] (*See* Doc. 17). Several of the cases filed by Plaintiff include allegations that appear to relate to Plaintiff's identity and/or legal name. For example, in Civil Case No. 1:21-cv-574-MRB-SKB, Plaintiff seems to allege that he was wrongly arrested and booked by the Wilmington Police Department for failing to identify himself and obstructing official business without regards to proof of identity, tax identification documents, name

---

[1]Plaintiff spells his first name as "J'ttonali" on his complaint, but it is spelled as "Jttonali" on the docket sheet. Other than that minor discrepancy in the spelling of his first name, the records of this Court reflect Plaintiff's use of the name "Jttonali One-eye El-Bey" in the following civil cases: *El-Bey v. FMC Lexington*, 1:22-cv-136-MWM-EPD (transferred to the Eastern District of Kentucky); *El-Bey v. United States*, Case No. 1:21-cv-574-MRB-SKB (stayed pending resolution of Case No. 1:21-cr-110-MWM); *El-Bey v. U.S. Postal Service*, 1:21-cv-590-MRB-SKB (dismissed without prejudice for lack of subject matter jurisdiction); *El-Bey v. Wisecup*, 1:21-cv-678-MRB-SKB (consolidated with Case No. 1:21-cv-574 and stayed); *El-Bey v. Walker*, 1:21-cv-679-MRB-SKB (dismissed with prejudice for failure to state a claim).

change corrections, etc. In that case, this Court further noted that it appeared that Plaintiff was attempting to tie his allegedly false arrest on December 5, 2020 to his prior attempt at a "name-change or correction." (*Id*., Doc. 35 at 5, PageID 581). In Civil Case No. 1:21-cv-574-MRB-SKB, the undersigned recommended the dismissal of most claims and defendants except for Plaintiff's unlawful arrest and detention claims against unknown "Clinton County Sheriff/Deputy in his individual capacity," which the Court stayed pending a related ongoing criminal proceeding in this federal Court. *See* Criminal Case No. 1:21-cr-110.[2]

Although it is undisputed that Plaintiff herein and Defendant in Criminal Case 1:21-cr-110 are the same individual, he is identified in the federal criminal case as Jtton Edward Watson. (*See* Doc. 31 in *United States v. Watson*, No. 1:21-cr-110-MWM).[3] In addition, the "El-Bey" name does not appear on the Butler County Jail website's inmate roster even though Plaintiff has listed the Butler County Jail as the address for service. However, the name Jtton Edward Watson has appeared on the Butler County Jail roster. And at times, mail addressed to Plaintiff "El-Bey" has been returned to this Court with the notation "released." (*See* Doc. 48 in Civil Case No. 1:21-cv-678-MRB-SKB; *see also* Doc. 35 in Case No. 1:21-cv-574-MRB-SKB).

The discrepancy between Plaintiff's use of "El-Bey" in his civil litigation and the name under which he has been criminally charged and incarcerated, "Watson," presents the issue of whether Plaintiff is proceeding under a false name or alias rather than his

---

[2]Following his December 5, 2021 arrest by Wilmington police officers, Plaintiff was indicted on a federal charge of being a felon in possession of a prohibited firearm. *See* Case No. 1:21-cvr-110-MWM (Doc. 21).
[3]The docket in Case No. 1:21-cr-110-MWM identifies the Defendant as "Jtton Edward Watson, agent of JttonAli One-Eye El-Bey." On October 7, 2021, the undersigned granted Defendant's oral request in Case No. 1:21-cr-110-MWM for the name "JttonAli One-Eye El-Bey" to be added as an "alias" to his legal name of Jtton Edward Watson. The Court stated that Defendant "may renew his motion [for a name change] should Defendant later be able to provide documentation of his legal name change to the Court."

3

legal name. Based in part on that suggestion as well as the return of mail as undeliverable in the above-captioned civil case, the undersigned ordered Plaintiff to show cause why this case should not be dismissed. The August 8, 2022 Order reasoned:

> It appears likely that Plaintiff's initiation of this and other civil cases under a false name and listing the Butler County Jail as his address may have contributed to the inability of this Court to serve him with copies of its prior Reports and Recommendations and Orders. In *Robinson v. Ionia Correctional Facility Medical Staff*, 2017 WL 3841862, at *3 (W.D. Mich. Aug. 1, 2017), R&R adopted at 2017 WL 3840025 (W.D. Mich. Sept. 1, 2017), the court dismissed a case filed by a pro se inmate under a false name because the use of a false name "made it impossible for the Court or defendants' counsel to perform the simple act of mailing him copies of orders and motions."

(Doc. 22 at 3-4, PageID 163-164). The undersigned further observed:

> The use of a false name or alias is equivalent to an invalid address at the Butler County Jail, since no person identified as "JttonAli One-Eye El-Bey" is housed at that facility and mail addressed to the named Plaintiff at the Butler County Jail has been returned as undeliverable. It is well established that it is incumbent upon any litigant, including a pro se prisoner litigant, to keep the Court apprised of his current address. While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Based upon the return of mail from the Butler County Jail, it appears that Plaintiff has either proceeded under a false name and/or has failed to identify a name under which he can receive mail, and/or a current address.
>
> Without such basic information as a valid name and current address from a would-be plaintiff, this Court has no recourse but to dismiss a complaint for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009). The undersigned will direct Plaintiff to "show cause" why this case should not be dismissed under Rule 41(b) for failure to keep the Court apprised of the legal name and address where mail can be delivered.

(*Id*. at 4-5, PageID 164-165).

In order to ensure delivery of the Show Cause Order to the extent that the Butler County Jail did not recognize the name "Jttonali One-Eye El-Bey" and/or if Plaintiff himself was refusing receipt of mail addressed to "Jtton Edward Watson," the undersigned instructed the Clerk to mail two copies of the Memorandum Opinion and Order to Plaintiff, with the first copy to be addressed to Plaintiff El-Bey, and a second copy to be addressed to him under his legal and/or commitment name of Watson.

## II. Analysis

### A. Plaintiff's Response to the Show Cause Order

Plaintiff filed a 31-page response to the "show cause" order on August 17, 2022. The response is admittedly difficult to follow. As best the undersigned can decipher, however, Plaintiff presents two broad arguments to justify his initiation of civil litigation under the name of "Jttonali One Eye El-Bey" ("El-Bey") rather than the name "Jtton Edward Watson" ("Watson"): (1) he has a "right" to use El-Bey, which he calls his "true name," that this Court should recognize; and (2) any errors in the failure of service are not of his making.

Plaintiff does not dispute that federal criminal charges have been filed against him under his legal name of Watson, nor has he provided proof of a formal, legally recognized name change recorded by an Ohio court. Nevertheless, Plaintiff alleges that he began using the "El-Bey" surname in 2018, and asserts that this Court should permit him to use his El-Bey name. He vehemently objects to being addressed as Watson, which he refers to as a "former" or "fictitious name" (Doc. 23 at 9, PageID 177).

Plaintiff explains his belief that the surname of Watson was "derived from the times of slavery." Plaintiff articulates various personal and religious reasons for declining to use his "former surname." (Doc. 23 at 3, PageID 171; *see also id*. at 2, citing to "improper remarks [about Plaintiff's legal surname] made by the Attorney for the Government" in Criminal Case No. 1:21-cr-110-MWM; Criminal Case No. 1:21-cr-110, Doc. 50 at 5 (AUSA's objection to referring to Defendant by any name other than his surname of Watson; colloquy with Court and statement regarding prior arrest for providing a false name to police officers)). Plaintiff identifies himself as a "Moorish American National" and alleges that "El-Bey" represents a "common law" name change. He asserts that his full name is "Chief J'ttonali (One Eye) El-Bey" (Doc. 23 at 1, PageID 169).[4] He states that his use of a common law name is affiliated with his religion. (Doc. 23 at 4, PageID 172).

Some of Plaintiff's response consists of exhibits relating to his declared affiliation with the "Moorish Science Temple of America." (*See e.g*., Doc. 23 at 13, PageID 181). For instance, Plaintiff includes a document captioned "In the Matter of: the change of name of Jtton Edward Watson to J'tton El Bey"[5] that purports to be a "Decree" of the "Alabama Republic, Territory" under the "Treaty of Madrid 1880." This document, like several others submitted by Plaintiff, appears to relate to "sovereign citizen" beliefs that have been widely repudiated in the federal courts as legally frivolous.[6]

---

[4]The title "Chief" does not appear elsewhere in this case, which is being prosecuted under the name of "Jtonnali One Eye El-Bey." (Doc. 1-1 at 1, PageID 5).
[5]The alleged "Decree" does not hyphenate "El-Bey," uses "Jtton" instead of "J'ttonali" as Plaintiff currently alleges to be his chosen name, and does not include "One Eye."
[6]Although Plaintiff's exhibit is consistent with "sovereign citizen" ideology, this Court recently pointed out in an unrelated case that such beliefs may not be embraced by all members of the Moorish Science Temple of America. *See El Bey v. Kehr*, 2022 WL 1420743, at *2 and n.2 (S.D. Ohio May 5, 2022)(discussing purported relationship between sovereign citizenship beliefs and the Moorish Science Temple of America).

Plaintiff argues that the First Amendment and/or other authorities support use of his chosen name. In addition to religious and/or sovereign citizen beliefs, Plaintiff cites to a variety of authorities, including a 1911 Pennsylvania case, to support his asserted common law name change. *See In re McUlta*, 189 F. 250 (D.C. Pa. 1911) ("At common law a man may lawfully change his name and will be bound by any contract into which he enters under his adopted or reputed name; and by such name he may sue and be sued."). However, much of the authority on which Plaintiff relies is neither binding on this Court (like the Pennsylvania case) nor persuasive.[7]

More to the point, this Court finds it unnecessary to decide whether Plaintiff's alleged common law name change is valid for all purposes. Rather, under the Show Cause Order, this Court limits its inquiry to determining: (1) whether Plaintiff's use of the name "J'ttonali One Eye El-Bey" in civil litigation amounts to a fraud on the Court; and (2) whether – even if not an intentional fraud or deception – Plaintiff's use of the El-Bey surname frustrates service in a manner that amounts to a failure to prosecute.

Plaintiff's response satisfies the first inquiry insofar as he persuades the Court that he did not employ the El-Bey name for purposes of deceit, such as to evade the "three strikes" rule, or for any other fraudulent purpose. *See generally, Throneberry v. Havenor*, 2020 WL 240993, at *2 (W.D. Mich., Jan 16, 2020) (denying plaintiff's request that the Court use his specified religious name rather than the commitment name, in order for the court to be able to fully comply with its screening obligations under the Prison Litigation Reform Act ("PLRA")). On the other hand, the federal charges against Plaintiff under his

---

[7]Plaintiff also cites to a Bureau of Prisons Policy Statement. He cites to limited Ohio authority, such as Ohio R.C. § 3513.06 and Ohio R.C. § 2717.01. R.C. § 3513.06 appears to apply only to persons who are candidates for public office. Although Ohio R.C. § 2717.01 *may* be more applicable, its relevance is beyond the scope of the "show cause" order for the reasons discussed above.

7

legal/commitment surname of Watson, in combination with his recent incarceration, may well contribute to a failure of service by both Defendants and this Court.

A portion of Plaintiff's response attempts to address this second part of the Show Cause Order. In addressing the issue of service, Plaintiff expressly denies responsibility for any failure in service. He suggests that past failures of service may have occurred during a temporary absence from the Butler County Jail during which he was undergoing a psychiatric evaluation as directed by this Court in Criminal Case No. 1:21-cr-110-MWM. Alternatively, he seems to hypothesize that other administrative errors by jail officials resulted in the improper return of mail to this Court. Plaintiff insists that use of his El-Bey surname should not frustrate service so long as his inmate booking number is listed on his legal mail in the future. He contends that any prior issues have been resolved, since he received the recent Show Cause Order. (Doc. 23 at 2, PageID 170).

The undersigned does not accept Plaintiff's attempt to blame jail officials for the return of mail. <u>It remains Plaintiff's responsibility at all times to keep this Court apprised of an updated address where he can be served.</u> Notably, on August 19, 2022, additional mail sent to Plaintiff on July 20, 2022 was returned as undeliverable, with a handwritten notation stating that the inmate is "no longer in jail." (Doc. 25). A name and address attached to the returned mail suggests a forwarding address of: Jttonali El Bey, 1645 Davids Drive, P.O. Box 846, Wilmington OH 45177-1865. (*Id.*) The recent return of additional mail adds to the conclusion that Plaintiff has failed in his responsibility to keep the Court apprised of his current address. Regardless of the reason, that failure may lead to dismissal for failure to prosecute.

8

Service likely will remain complicated if Plaintiff is re-incarcerated. While the undersigned accepts Plaintiff's suggestion that his use of El-Bey was not intended to avoid the PLRA or for other fraudulent purpose, his use of El-Bey in civil litigation may nonetheless frustrate service of documents that are addressed to his legal and/or commitment surname, Watson. The resolution of this dilemma is not to require prison officials to change their commitment records. Like other courts, the undersigned declines to wade unnecessarily into issues of institutional administration.

> Prisoners have often attempted to compel [prison officials] to recognize … religious name changes under the Free Exercise Clause of the First Amendment or under the Religious Land Use and Institutionalized Persons Act (RLUIPA). This Court and the Sixth Circuit Court of Appeals have repeatedly rejected those attempts because the administrative convenience of permitting prison officials to use one name for a prisoner is simply too important to effective prison administration. *See*, *e.g.*, *Imam Ai Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980) ("'Prison administration presents unique difficulties and the burden imposed on the plaintiff in the instant case by the defendants' use of his non-Muslim name clearly is outweighed by the administrative difficulties and confusion which would confront prison officials in attempting to amend commitment papers of every prisoner who embraces the Islamic faith and changes his name.'"); *Spies v. Voinovich*, 173 F.3d 398, 406 (6th Cir. 1999) ("Spies has no 'constitutional right to dictate how prison officials keep their prison records. As we see this issue, the present question of name change usage relates to prison administration.'"); *Porter v. Caruso*, 479 F. Supp. 2d 687, 700 (W.D. Mich. 2007); *Piotrowski v. Michigan*, No. 1:12-cv-11, 2012 WL 652460 (W.D. Mich. Feb. 28, 2012).

*Throneberry*, 2020 WL 240993, at *1; *see also*, *generally*, *Rahman v. Stephenson*, 626 F.Supp. 886, 887 (W.D. Tenn. 1986) (prison administrators are not constitutionally required to change their internal record-keeping and identification procedures when an inmate informally changes his name for religious reasons); *Malik v. Brown*, 71 F.3d 724, 728-730 (9th Cir. 1995) (discussing litigated issues concerning inmates' use of religious

9

names, including in context of prison mail rules, for purposes of determining qualified immunity).

The Show Cause Order was intended both to confirm a lack of fraud on this Court and to ensure that service is not frustrated by Plaintiff's name change. Seeking a pragmatic resolution to both issues, the Court will direct all mail addressed to Plaintiff in this civil litigation to include: (1) the El-Bey name adopted and used by Plaintiff in the caption of this civil complaint; (2) an "also known as" designation of the commitment/legal name of Watson[8]; and (3) to the extent Plaintiff remains incarcerated in the Butler County Jail or elsewhere, his inmate number whenever possible. Additionally, based upon the recent return of additional mail, the Court will direct the Clerk of Court to send a copy of this Memorandum Opinion and Order to Plaintiff at the suggested forwarding address listed by the Butler County Jail, as well as to Plaintiff's last listed address at the jail. In keeping with his mandatory duty to keep this Court apprised, Plaintiff will be required to confirm his current address.

### B. The Court Declines to Reconsider Plaintiff's Discovery Requests

In Plaintiff's response to the August 8, 2022 Show Cause Order and in a "supplemental memorandum" filed August 18, 2022, Plaintiff seeks reconsideration of this Court's adverse ruling on his prior discovery motion. The undersigned finds no basis to reconsider the August 8, 2022 order with respect to Plaintiff's procedurally improper discovery requests.

---

[8] "[T]he "a/k/a designation" is a well-recognized, reasonable alternative to prisons' committed name policies." *Malik*, 71 F.3d at 729.

### C. Reconsideration of Entry of Default and/or Default Judgment

Finally, Plaintiff moves for reconsideration of the portion of the August 8, 2022 Order that discusses the Defendants' failure to appear. Summons was issued to all three Defendants on April 28, 2022. (Doc. 12). The record reflects that green cards confirming execution of the summons forms were returned via certified mail on May 16, 2022, bearing the signature of a "Karen Miller" on behalf of each Defendant. (Doc. 20). Based upon the date of service, the Defendants' answers or responses were due on June 6, 2022. As of this date, Defendants have yet to file any responsive pleading or make any other appearance.

Based on Plaintiff's use of the El-Bey name and failure of service issues, the Court initially declined to require Defendants to show cause for their failure to appear. The Court stated: "Pending review of Plaintiff's response to this 'show cause' order, the undersigned *may* further direct Defendants to show cause for their failure to timely appear." (Doc. 21 at ¶ 4).

Having responded to the Show Cause Order, Plaintiff now seeks entry of default under Rule 55(a). Plaintiff also seeks entry of a default judgment under Rule 55(b) "totaling $26,274,000" in monetary damages, along with non-monetary relief. (Doc. 23, PageID 176). Although entry of default *judgment* under Rule 55(b) is procedurally premature prior to entry of default under Rule 55(a), the Court agrees that Defendants should be required to "show cause" why this Court should not enter a default under Rule 55(a) at this time.

### III. Conclusion and Order

For the reasons discussed, **IT IS ORDERED THAT:**

11

1. Plaintiff's response shall be deemed to have satisfied the Court's "show cause" Order of August 8, 2022;

2. The Clerk shall add an "also known as" designation to Plaintiff's name in the docket of the above-captioned case in order to reflect that Plaintiff is also identified by an institutional commitment name of "Jtton Edward Watson";

3. This Court and all parties should direct future mail to Plaintiff using the name stated in his civil complaint (El-Bey), followed by the "also known as" designation of Plaintiff's commitment name (Watson). If mailing to a penal institution or jail, the Court and/or Defendants should also include Plaintiff's inmate number whenever feasible;

4. On or before **September 28, 2022**, Plaintiff El-Bey shall file a Notice of Current Address listing the address where he presently can be served by this Court and/or the Defendants. Plaintiff is forewarned that his failure to comply with this order or to keep the Court apprised of his address at any time in the future may result in the dismissal of this case for failure to prosecute;

5. The Clerk shall mail two copies of this Memorandum Opinion and Order to Plaintiff. Both copies should be addressed to "Jttonali One Eye El-Bey, a/k/a Jtton Edward Watson." The first copy should be addressed to Plaintiff at the Butler County Jail address he previously provided to this Court with his inmate number noted thereon, and the second copy to be mailed to the additional address identified in Docket Entry 25: 1645 Davids Drive, P.O. Box 846, Wilmington OH 45177-1865.

6. Plaintiff's request for reconsideration of his discovery requests is **DENIED**;

7. Plaintiff's request for entry of default under Rule 55(a) is stayed pending receipt of Defendant's response to this order, but his request for entry of default *judgment* under Rule 55(b) is DENIED as procedurally premature;

8. A copy of this Memorandum Opinion and Order shall be mailed by certified mail to Defendants Elliott Sylvester, Neil Rager and Cody Juillerat at the address in which service of the complaint was made.  On or before **September 28, 2022,** Defendants shall **SHOW CAUSE** why this Court should not direct the entry of default under Rule 55(a) against them, based upon their failure to timely answer or otherwise respond to Plaintiff's complaint.

                           *s/Stephanie K. Bowman*
                           Stephanie K. Bowman
                           United States Magistrate Judge