UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI ONE EYE EL-BEY,
a/k/a Jtton Edward Watson

    Plaintiff,

           v.

ELLIOTT SYLVESTER, *et al.*,

    Defendants

Case No. 1:21-cv-680

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this prisoner civil rights case has been referred to the undersigned magistrate judge. On October 25, 2022, Defendants Elliott Sylvester, Neil Rager and Cody Juillerat moved to dismiss the complaint for failure to state any claim against them. (Doc. 33). Plaintiff has filed a response in opposition to Defendants' motion to dismiss, to which Defendants have filed a reply.[1] (Docs. 36, 38). For the reasons that follow, Defendants' motion should be GRANTED in part and DENIED in part.

**I.    Background**

Plaintiff has filed multiple cases in this Court, but the allegations in the complaint filed in *this* case relate to Plaintiff's arrest in the City of Wilmington on August 20, 2021.[2] In a Report and Recommendation ("R&R") filed on April 28, 2022 (Doc. 11) and subsequently adopted by the Court (Doc. 21), the Court reviewed the 10-page complaint

---

[1] Plaintiff also has filed a surreply that Defendants have moved to strike. In response, Plaintiff has filed a belated motion seeking leave to file the surreply. (Docs. 39, 40, 41). The parties' motions concerning the surreply are addressed by separate order.
[2] *Compare generally*, *El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio), *El-Bey v. Wisecup*, et al., No. 1:21-cv-678-MRB-SKB (S.D. Ohio), *El-Bey v. The United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio), and *El-Bey v. Walker, et al.*, No. 1:21-cv-679-MRB-SKB (S.D. Ohio), *El-Bey v. FMC Lexington*, No. 1:22-cv-136-MWM-EPD.

on initial screening under 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1). For convenience, the undersigned repeats part of the Court's prior summary:

> Plaintiff alleges that on August 20, 2021, while he was driving in Wilmington, Ohio, he passed a police cruiser that was waiting at a stop sign. Plaintiff alleges that the police cruiser followed him until he reached his destination a short time later but then continued on its way. Plaintiff, who claims to be a "Moorish American National," alleges that he went to a tribal member's residence and knocked on the door. Plaintiff alleges that nobody answered the door and that he had forgotten his spare key to the residence. According to plaintiff, as he started to call somebody to let him in, three police cruisers arrived, and defendant police officers Elliott Sylvester and Neil Rager approached him.

(Doc. 11 at 3-4).

In his complaint, Plaintiff further alleges that Defendant Sylvester stated "you have a warrant," and repeated "Jtton you have a warrant." Plaintiff disputed the name with which Defendant Sylvester had addressed him, identifying himself as "Jttonali One Eye El-Bey." (Doc. 10 at 4, PageID 62). Plaintiff then asked "what kind of a warrant," to which Defendant Sylvester responded "Bench Warrant for not going to court." (*Id*.) Plaintiff alleges that he told the officers that "all hearings were stayed following C.D.C. Declaration." (*Id*.) Nevertheless, the officers placed him into a police cruiser. After that, Plaintiff alleges that Officers Rager and Sylvester walked over to the motor vehicle that Plaintiff had parked, opened its doors and searched it. (Doc. 10 at 4-5, PageID 62-63). During the search, Plaintiff alleges that Defendant Sylvester seized a "small proofed bag which zipped double and locked and carried a leather wallet and chain in its side pocket," as well as (within the wallet) "receipts, and other Tribal Identification cards," and "privileged information." (*Id*. at 5). Plaintiff generally alleges that the bench warrant was not properly executed because "hearings were stayed following C.D.C. Declaration" regarding the Covid-19 pandemic. (*Id*.) While most allegations are against the two

2

arresting officers, he identifies as an additional Defendant a third officer, Defendant Juillerat, who was allegedly present as "a ride along" in the police cruiser in which he was being transported to the Clinton County Jail. (*Id*. at PageID 9).

Following his arrest, Plaintiff alleges that he was transported to the Clinton County Jail where he was placed in a cell and denied a phone call and bond by two unidentified officers. He further alleges that Defendants Sylvester and Juillerat returned hours later with a copy of the warrant, but that Plaintiff refused to accept it because it was "friv[o]lous paperwork." (Doc. 10 at 7, PageID 65). Three days later, Plaintiff appeared before Clinton County Municipal Judge Michael T. Daugherty, who allegedly continued to address Plaintiff by a "Fictitious Name" despite Plaintiff's statement "that is not my name. My name is Jttonali One Eye El-Bey." (Doc. 10 at 8, PageID 66). Plaintiff alleges that Judge Daugherty "read the charges I opposed and declared them to be friv[o]lous." (*Id*.) Plaintiff alleges that he told Judge Daugherty: "Your officers seized me on a friv[o]lous bench warrant," but that Judge Daugherty replied that Defendant Sylvester was not serving a bench warrant but instead acted on "suspicious activity." (Doc. 10 at 8, PageID 66). Plaintiff alleges that he was "arrested under 2925.03 Traficing [sic] in drugs, 05, 11, 12, 15 and 2923.13 Disability." (*Id*.) While not entirely clear, Plaintiff appears to allege that new drug charges were lodged against him based upon a separate "search and seizure warrant" (as opposed to the bench warrant for failure to appear) and that probable cause was lacking on the new charges. (*Id*.)

Upon initial screening, the Court dismissed all claims against Judge Daugherty[3] as well as all claims against the prosecuting attorney. (Doc. 11 at 7, PageID 76). The

---
[3]Public records reflect that Judge Daugherty passed away on September 8, 2022.

Court dismissed claims regarding conditions at the Clinton County Jail because Plaintiff did not tie his allegations regarding those conditions to the named Defendants. The Court dismissed claims against Ronald Cravens as overly vague and conclusory. (*Id.* at 8, PageID 77). Citing "an abundance of caution" on initial screening, the Court declined to dismiss Plaintiff's "unlawful arrest claims against defendants Sylvester, Juillerat, and Rager" relating to the August 20, 2021 arrest. (*Id.* at 6, PageID 75).

II. **Analysis**

A. **Standard of Review Under Rule 12(b)(6)**

The fact that the undersigned permitted a claim to proceed beyond the screening stage does not preclude the subsequent dismissal of the same claim upon an appropriate motion. It is true that the standard of review for failure to state a claim under Rule 12(b)(6) is the same as the standard of review for failure to state a claim under 28 U.S.C. §§ 1915(e) or 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). However, the frame of reference differs significantly. Screening under 28 U.S.C. § 1915(e) is extremely liberal. The perspective of this Court, as a neutral arbiter examining the complaint on a superficial level without the benefit of briefing, differs from that of an opposing party who has an incentive to explore all possible legal arguments in a subsequent motion to dismiss or motion for judgment on the pleadings. Necessarily constrained by limitations of time and resources in the course of its initial *sua sponte* examination, this Court frequently will permit "further development" of a weak legal claim by requiring a defendant to file an answer or response.

Thus, on more than one occasion, this Court has granted a motion to dismiss based upon a well-briefed motion by a defendant and a weak response by a plaintiff.

Nevertheless, this Court cannot grant a motion to dismiss for failure to state a claim if the motion requires the Court to look beyond the allegations of the complaint. And in considering a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). Given screening standards under 28 U.S.C. § 1915(e) that result in the dismissal of most cases that fail to state any claim, the liberal pleading standards under Rule 8, and the relevant standard of review under Rule 12(b)(6), it is far more common for cases to be disposed of on motions for summary judgment, following discovery than on Rule 12(b)(6) motions.

Here, Defendants have moved to dismiss all claims that this Court initially authorized to proceed against the three identified Wilmington police officers. Applying the relevant standard of review, the undersigned concludes that Defendants are entitled to dismissal of Plaintiff's unlawful arrest/unlawful imprisonment claims based upon the existence of a facially valid bench warrant. By contrast, the undersigned recommends denial of Defendants' motion to dismiss a closely related unlawful search and/or seizure claim concerning the vehicle that Plaintiff drove to the residence at which he was arrested.

### B. Motion to Dismiss Plaintiffs' Unlawful Arrest Claims

The undersigned previously construed Plaintiff's complaint as alleging that Defendants violated the Fourth Amendment when they arrested him on August 20, 2021. However, Defendants now persuasively argue that they are entitled to dismissal of any unlawful arrest claims because a bench warrant issued on January 28, 2021 establishes

5

probable cause for Plaintiff's arrest. They point out that Clinton County Municipal Court records confirm the existence of the same bench warrant that Plaintiff references in his complaint. This Court may take judicial notice of those records. "[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010); *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("[O]n a motion to dismiss, a court "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity') (internal quotation marks and additional citation omitted). The Clinton County Municipal Court docket reflects that Plaintiff was previously charged with several misdemeanors (possession of marijuana and failure to disclose) and a traffic offense (stop sign violation). *See* Clinton County Municipal Court Case Nos. CRB2001523A-B and TRD2001891A-B. Judge Daugherty was the presiding judge, and a bench trial on the referenced charges was set for 3:00 p.m. on January 21, 2021. Docket entries dated both January 27 and January 28, 2021 in Case No. CRB2001523A reflect that a bench warrant was issued after Plaintiff failed to appear for trial on the scheduled date. (*Id*.) Additional docket entries reflect that Plaintiff subsequently appeared on the bench warrant on August 23, 2021.[4]

The bench warrant defeats Plaintiff's claims against Defendants for false arrest concerning the execution of the warrant on August 20, 2021. Bench warrants issued by

---

[4]Additional Clinton Municipal Court records reflect that on the same date that Plaintiff appeared on the bench warrant for his failure to appear for trial on the prior misdemeanor charges, Plaintiff was arraigned before Judge Daugherty on entirely new felony charges. (*See* Clinton County Municipal Court Case Nos. CRA2100871 (third degree felony charge of possession of weapon under a disability) and CRA2100872 (fourth degree felony receipt of stolen property).

6

a presiding judge for failure to appear are "clearly valid and based on probable cause." *United States v. Evans*, 574 F.2d 352, 355 (6th Cir. 1978). "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to $ 1983." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). More specifically, an arrest accomplished pursuant to a facially valid warrant defeats an unlawful arrest claim unless the officer knew that the arrest warrant was issued without probable cause. *Robertson v. Luces*, 753 F.3d 606, 618 (6th Cir. 2014). Even if the police officer was mistaken about his belief that the arrest warrant was based upon probable cause, no claim will lie against him as long as that belief was reasonable. In other words, "[p]olice officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Yancey v. Carroll Cnty., Ky*, 876 F.2d 1238, 1243 (6th Cir. 1989) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)).

Plaintiff argues briefly that the bench warrant should not have been executed because it was based upon his failure to appear on minor misdemeanor charges. However, as another court reasoned:

> [T]hat does not detract from the validity of the warrant. Bench warrants serve the important function of ensuring the appearance of defendants so that criminal proceedings can proceed to a conclusion. The court finds that defendant's arrest was based on a valid and active warrant from Delaware County.

*United States v. Odoms*, 2018 WL 2752457, at *3 (S.D. Ohio June 8, 2018) (holding that so long as the bench warrant was valid when issued, its existence served as probable cause for the arrest notwithstanding the fact that it was for a failure to appear on

7

misdemeanor charges). For similar reasons, Plaintiff's suggestion that the dismissal of the underlying misdemeanor charges a month *after* his arrest, (*see* Doc 36 at 12, 17-18), has no impact on whether the bench warrant for failure to appear on those charges was supported by probable cause at the time it was issued.

Notably, Plaintiff does not claim that the bench warrant was issued without probable cause for his failure to appear at the previously scheduled bench trial on January 21, 2021, or that it was faulty or invalid when issued. He does not allege, for example, that his appearance was somehow missed on January 21 or that the bench warrant was issued in error. Again, however, even if the bench warrant had been issued without probable cause in January 2021, Plaintiff fails to allege that the arresting officers *knew* that the warrant was issued without probable cause at the time that they executed that warrant on August 20, 2021. As Chief Judge Marbley recently explained:

> Even were this warrant faulty, without knowing otherwise, …[the officers] were entitled to rely on it for probable cause to arrest Plaintiff. *Beckham v. City of Euclid*, 689 F. App'x 409, 415-417 (6th Cir. 2017) (holding that officers were entitled to rely on a bench warrant which represented plaintiff had failed to report, even where it was later revealed plaintiff had reported).

*Myers v. Village of New Holland*, 2022 WL 1211419, at *7 (S.D. Ohio April 25, 2022).

Rather than asserting a lack of probable cause for the bench warrant when issued in January 2021, Plaintiff alleges that it was no longer valid when executed on August 20, 2021 based upon an intervening event between its issuance and its execution. He alleges that he informed the arresting officers that the bench warrant "must be a mistake." (Doc. 10 at 4, PageID 62). Plaintiff allegedly explained to the officers that "all hearings were stayed following C.D.C. Declaration." (*Id.*) In opposition to Defendants' motion to dismiss, he argues that a moratorium or "stay" set forth in a "Declaration" issued by the federal

8

Centers for Disease Control and Prevention ("C.D.C.") precluded the execution of state warrants on August 20, 2021.

An arresting officer is not required to accept an arrestee's cursory assertion that there is a "mistake" with a facially valid bench warrant. However, to the extent Plaintiff's argument need be considered at all, his allegations and argument are presumed to refer to a temporary "Eviction Moratorium" entered by the C.D.C. While this Court may take judicial notice of the prior C.D.C. order concerning evictions,[5] there is no comparable C.D.C. "Declaration" regarding the execution of facially valid warrants. Plaintiff's complaint offers no more than a conclusory allegation that some type of pandemic-related stay on the execution of warrants existed. In the absence of detailed factual allegations, this Court is not required to accept fantastical legal conclusions that defy both common knowledge and common sense.

And again, even if (contrary to reason) some authority would conclude that the C.D.C.'s Eviction Moratorium somehow undermined the legality of executing a facially valid warrant on August 20, 2021, nothing in the complaint suggests that the Defendant officers were aware of that unlikely event. The officers' statements and actions in executing the warrant support their belief that it was a valid warrant. *See generally, DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999) (rejecting a § 1983 unreasonable seizure claim against an officer because the officer "had no role in [the] issuance of the bench warrant"); *Howell v. Cox*, 758 Fed. Appx. 480, 483 (6th Cir.

---

[5]In 2020, the CDC issued an order that temporarily halted residential evictions to prevent the further spread of COVID-19. 85 Fed. Reg. 55292 (2020). The U.S. Supreme Court ended the CDC's eviction moratorium on August 26, 2021. *See Alabama Assoc. of Realtors v. Dept. of Health and Human Servs*., 141 S.Ct. 2485, 2490 (2021) ("If a federally imposed eviction moratorium is to continue, Congress must specifically authorize it.").

2018) (same result for malicious prosecution claim); *Butcher v. City of Alma*, 2017 WL 2117606, at *3 (E.D. Mich. May 16, 2017) (granting judgment to officer who was unaware of rescission of bench warrant at time of plaintiff's arrest). In short, Defendants' motion to dismiss should be granted because Plaintiff clearly alleges that Defendant Sylvester cited to the bench warrant at the time of his arrest, indicating the arrest was based upon a facially valid warrant. Plaintiff's argument that the presiding judge made statements at a subsequent hearing on August 23, 2021 that suggested some other basis for arrest do not change this legal conclusion, because it is the Defendants' actions on August 20, 2021 that matter.[6]

### C. Defendants are not Entitled to Dismissal of Claim Relating to the Search Conducted "Incident to Arrest" on August 20, 2021

Although the undersigned concludes that dismissal is required of Plaintiff's false arrest and/or false imprisonment claims against the Defendants, that conclusion does not end this case. While the prior Report and Recommendation did not parse out the Fourth Amendment claims to include the search of the vehicle that Plaintiff was driving, a closer review of the complaint leaves no doubt that Plaintiff has pleaded separate Fourth Amendment violations for the warrantless search of his vehicle[7] and/or seizure of its contents. In fact, Defendants acknowledge that Plaintiff "continually complains of a search conducted of his vehicle during execution of the arrest warrant." (Doc. 38 at 1, PageID

---

[6]Plaintiff alleges that when he appeared in court on August 23, Judge Daugherty contradicted Plaintiff's statement that he had been arrested on the bench warrant and stated that officers had acted based upon Plaintiff's "suspicious activity." (Doc. 10 at 8, PageID 66; *see also* Doc. 36 at 7, PageID 283). Yet the complaint alleges that *Defendants* stated that Plaintiff was being arrested on the outstanding bench warrant for failure to appear. The existence of the bench warrant is confirmed by the state court record. The mere existence of that facially valid bench warrant provides probable cause for the arrest. *See generally*, *Devenpeck v. Alford*, 125 S.Ct. 588, 594, 543 U.S. 146, 153 (2004) (an arrest is valid if facts exist to support probable cause, regardless of whether other (invalid) reasons were also provided to support the arrest).
[7]The possessive pronoun ("his vehicle") is used to indicate that the vehicle is the one that Plaintiff drove to the residence in question shortly before his arrest, irrespective of the separate issue of ownership.

10

301). Notwithstanding that acknowledgement, Defendants insist that all Fourth Amendment claims are equally subject to dismissal based upon the existence of the bench warrant. According to Defendants, the vehicle search was constitutionally valid as a "warrantless search[] incident to an arrest." (*Id*. at 1, 4-5).

Under the limited scope of review afforded by Rule 12(b)(6), the undersigned is not persuaded. A search conducted incident to an arrest is a narrowly tailored exception to the rule that a warrant is required. Not every search of every vehicle is authorized as "incident to an arrest." In *Arizona v. Gant*, 129 S.Ct. 1710, 1719, 556 U.S. 332, 344 (2009), the Supreme Court held that a search of a vehicle violated the Fourth Amendment where "police could not reasonably have believed either that Gant could have accessed his car at the time of the search or that evidence of the offense for which he was arrested might have been found therein." *See also U.S. v. Pippins*, 2022 WL 17687793 (S.D. Ohio Dec. 15, 2022) (granting motion to suppress, discussing scope of warrantless searches). Here, Plaintiff alleges that he had parked and exited the vehicle and was standing at the doorstep of the residence in question when police informed him he had an outstanding bench warrant. He further alleges that only after he was secured in a police cruiser did Defendants search the parked vehicle in which he had arrived. Under the facts as alleged, Plaintiff appears to have stated a Fourth Amendment claim that is not subject to dismissal under Rule 12(b)(6).

As an alternative to arguing that the search was *de facto* constitutional as "incident to arrest," Defendants suggest that Plaintiff's sole remedy for any constitutional violation "would be a motion to suppress evidence in any criminal action resulting from the items seized during the search." (Doc. 38 at 4). The undersigned again disagrees. While Fourth

11

Amendment claims frequently are raised in motions to suppress, civil relief under 42 U.S.C. § 1983 is not foreclosed in every case. Without further development of the record, Defendants' argument that Plaintiff is limited to a motion to suppress in an unidentified criminal case is not sufficiently persuasive to merit summary dismissal. *See generally*, *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (holding that *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar all Fourth Amendment claims under § 1983, if success would not undermine the conviction and the plaintiff alleges a compensable injury other than conviction).

### D. Plaintiff's Extraneous Claims in Response to Motion to Dismiss

In their reply memorandum, Defendants urge the Court to ignore Plaintiff's references in his opposition memorandum to municipal liability by the City of Wilmington. The undersigned agrees that Plaintiff has not included allegations in his complaint to support municipal liability. As the prior R&R filed on April 28, 2022 reflects, (*see* Doc. 11), the only claims permitted to proceed after initial screening are those claims asserted against the three Defendant officers who allegedly arrested Plaintiff pursuant to a bench warrant executed on August 20, 2021 and who further searched the vehicle that Plaintiff had driven to the site of the arrest.

### III. Conclusion and Recommendation

For the reasons discussed above, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss (Doc. 33) be **GRANTED IN PART** and **DENIED IN PART**. The motion should be granted insofar as all false arrest and/or false imprisonment claims against Defendants should be **DISMISSED** based upon the existence of a facially valid bench warrant. But the motion should be denied insofar as Plaintiff has stated a Fourth

Amendment claim for the unlawful search and seizure of his vehicle and/or its contents that warrants further development.

                                                                  *s/Stephanie K. Bowman*
                                                             Stephanie K. Bowman
                                                             United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JTTONALI ONE EYE EL-BEY,
a/k/a Jtton Edward Watson

    Plaintiff,

        v.

ELLIOTT SYLVESTER, *et al.*,

    Defendants

Case No. 1:21-cv-680

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).