UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jttonali One Eye El-Bey,

    Plaintiff,

        v.                          Case No. 1:21-cv-00680

Elliott Sylvester, et al.,               Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's January 6, 2023 Report and Recommendation ("R&R"). (Doc. 44).

The Court gave the parties proper notice under Federal Rule of Civil Procedure 72(b), including notice that they would waive further appeal if they failed to file objections to the R&R within 14 days after service. (*Id.* PageID 353); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff submitted timely objections (Docs. 45, 47), as did Defendants Elliott Sylvester, Neil Rager, and Codey Juillerat (collectively, "Defendants"), (Doc. 45). When the Court receives timely objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *accord* 28 U.S.C. § 636(b)(1).

Starting with Plaintiff's objections, the Court cannot discern a specific objection to the R&R. (Docs. 46, 47). Instead, Plaintiff reiterates the allegations in his Complaint or arguments in his Opposition to Defendants' Motion to Dismiss. *Compare* (Doc. 46), *and*

(Doc. 47), *with* (Doc. 10), *and* (Doc. 36). The Court finds that Plaintiff's objections are nothing more than a general disagreement with the R&R, which is insufficient to direct the Court's attention to a specific issue with the recommended dismissal of his unlawful arrest/unlawful imprisonment claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that the objections of a petitioner appearing pro se will be construed liberally); *Aldrich v. Bock*, 327 F.Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Turning to Defendants' objections, Defendants first argue that the Magistrate Judge improperly created Fourth Amendment claims regarding the search of Plaintiff's vehicle and/or seizure of its contents that are not found in Plaintiff's Complaint, and, in that vein, fault the Magistrate Judge for not citing the Complaint to establish the existence of said claims. (Doc. 45 PageID 355-56). The Court agrees with the Magistrate Judge that "a closer review of the complaint leaves no doubt that Plaintiff has pleaded separate Fourth Amendment violations for the warrantless search of his vehicle and/or seizure of its contents." (Doc. 44 PageID 349) (footnote omitted); *see* (Doc. 10 PageID 62-63) (Complaint).

Defendants also contend that the Magistrate Judge did not conduct a proper analysis of their arguments presented in their Motion to Dismiss. (Doc. 45 PageID 356-57). The Court disagrees with Defendants, as the arguments found in their Motion to Dismiss arguments relate exclusively to Plaintiff's unlawful arrest/unlawful imprisonment claims. (Doc. 44 PageID 349-50); *see* (Doc. 33). The Court acknowledges, though, that

the first time that the Magistrate Judge discussed the separately alleged, but closely related, Fourth Amendment search and seizure violations was in this R&R (Doc. 44), and not in the prior R&R on initial screening (Doc. 11), and Defendants' Motion to Dismiss[1] thus did not cover Plaintiff's Fourth Amendment claims regarding the search of his vehicle and/or seizure of its contents (Doc. 33). Rather than incorporate arguments that Defendants made explicitly regarding Plaintiff's unlawful arrest/unlawful imprisonment claims (Doc. 45 PageID 357), and not about Plaintiff's search/seizure claims, the Court will return the matter to the Magistrate Judge with instructions for the parties to brief the propriety of dismissal of Plaintiff's Fourth Amendment claims regarding the search of his vehicle and/or seizure of its contents and for a supplemental R&R on that issue, *see* FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

In light of the foregoing, and after a de novo review of the filings, it is hereby **ORDERED** the R&R (Doc. 44) is **ADOPTED in part**, with respect to the dismissal of Plaintiff's unlawful arrest/unlawful imprisonment claims, **and HELD IN ABEYANCE in part and RETURNED to the Magistrate Judge in part**, with respect to Plaintiff's Fourth Amendment claims regarding the search of Plaintiff's vehicle and/or seizure of its contents. It is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. 33) is **GRANTED in part**, with respect to Plaintiff's false arrest and/or false imprisonment claims, and **HELD IN ABEYANCE in part**, with respect to Plaintiff's Fourth Amendment search/seizure claims.

---

[1] Defendants' Reply discusses Plaintiff's "attempt to claim liability against the Officers' search of Plaintiff's vehicle during his arrest" in terms of "warrantless searches incident to arrest" (Doc. 38 PageID 304-05), which is the argument that the Magistrate Judge addressed in the R&R (Doc. 44 PageID 349-51). In Defendants' objections to the R&R, they also argue absolute immunity, which the R&R did not discuss. *Compare* (*id.*), *with* (Doc. 45 PageID 356-57).

The Court **CERTIFIES** that an appeal of this Order adopting the R&R would not be taken in good faith.

**IT IS SO ORDERED.**

                                              _/s Michael R. Barrett_____
                                              Michael R. Barrett, Judge
                                              United States District Court